# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

NO. 5:14-CT-3006-F

| | |
|---|---|
| TYRUS G. MCNEIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LENOIR COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

On January 6, 2014, Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal,

556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

The only Defendant named by Plaintiff is the Lenoir County Jail. However, actions filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Preval v. Reno, No. 2000 WL 20591, 203 F.3d 821, **1 (4th Cir. 2000); see also Moore v. City of Asheville, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003) (dismissing claims against city police department for lack of capacity), aff'd, 396 F.3d 385 (4th Cir. 2005). Because the Lenoir County Jail is not a person, it is not a proper party to a § 1983 action. Flores v. Henderson Cnty. Det. Ctr., No. 107CV120-01-MU, 2007 WL 1062973, at *1 (W.D.N.C. Apr. 4, 2007) (stating that "a county detention center is not a proper party to a § 1983 claim").

Moreover, Plaintiff fails to state a viable claim. He contends that, while he was housed at Lenoir County Jail,[1] on "July 18, 2013 [he] was mopping the floor in [his] cell and slipped and hit [his] head on the corner of the shelf in [his] cell." Compl. [DE-1], p. 3. Plaintiff has not made any allegations that Defendant acted with intent to cause him harm. Rather, at most, Plaintiff's allegations could be construed as negligence, and alleged negligence conduct is insufficient to state a § 1983 claim. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections); see also Beasley v. Anderson, No. 02–11114, 2003 WL 21108537, at *1 (5th Cir. Apr. 22, 2003) (finding prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); Rankins v. Hargrave, No. 3:14–CV–194–FDW, 2014 WL 1910792, at *3

---

[1] Plaintiff is now incarcerated at Pasquotank Correctional Institution. Compl. [DE-1], p. 2.

Case 5:14-ct-03006-F   Document 6   Filed 11/05/14   Page 2 of 3

(W.D.N.C. May 13, 2014) (citing LeMaire v. Maass, 12F.3d 1444, 1457 (9th Cir.1993)); Bey v. Bailey, No. 3:11–CV–489–RJC, 2013 WL 2480661, at \*2 (W.D.N.C. June 10, 2013) ("[C]ourts have repeatedly held that slip and fall cases do not implicate the Constitution.") (citing Bacon v. Carroll, 232 F. App'x 158, 160 (3d Cir.2007)). Moreover, Plaintiff concedes on the face of his complaint that he received treatment for the injuries he received as a result of this fall. Compl. [DE-1], p. 4. Specifically, Plaintiff notes that he was taken to Lenoir County Hospital for his injuries. Therefore, Plaintiff fails to state a claim for deliberate indifference to a serious medical need. Bey, 2013 WL 2480661, at \*3.

For these reasons, the matter is DISMISSED as frivolous, and the Clerk of Court is DIRECTED to close the case.

SO ORDERED. This the 5 day of November, 2014.

James C Fox

JAMES C. FOX
Senior United States District Judge

3